UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH SANTO'S GONCALVES, JR.,
98-B-2093,

                            Petitioner,

                                                                         <u>DECISION AND ORDER</u>

                                                                           03-CV-6202L

                 v.

EDWARD R. DONNELLY,

                            Respondent.
_____

       Petitioner, Joseph Santo's Goncalves ("Goncalves"), was arrested in Penn Yan, New York after a high speed chase during which he attempted to elude the police on his motorcycle. At times, his speed exceeded 100 miles per hour. Once Goncalves was stopped, the police found a quantity of marijuana and a handgun.

       After a jury trial in Yates County Court, Goncalves was convicted of all counts, including criminal possession of a weapon in the third degree, criminal possession of marijuana in the fourth degree and aggravated unlicensed operation of a motor vehicle in the third degree. He was sentenced principally to a term of 6 ½ years on the weapons violation, with sentences on the other counts to run concurrently. Goncalves has served his sentences and has been released. He is apparently not on parole or other supervision.

For several reasons, the petition must be dismissed. First of all, I agree with respondent that petitioner failed to exhaust his claim relating to the alleged insufficiency of the evidence on the marijuana and the unlicensed-operation-of-a-motor-vehicle charges. As noted by respondent, the Appellate Division, in affirming Goncalves conviction, found that Goncalves had failed to preserve those issues for appeal. It is clear that the state court, in denying the claim, relied on an independent procedural basis to do so. The Appellate Division's decision could not be clearer that it rejected Goncalves' claim based on his failure to properly object before the trial court.

In any event, based on the testimony of the several police officers and the other evidence, there is more than ample evidence for the jury to have convicted Goncalves on these two counts.

Goncalves also claims that there was insufficient evidence to convict him on the weapons offense. This argument is also without merit. Goncalves basis his claim on the fact there were some inconsistencies between the testimony of some of the officers. Such inconsistencies, of course, happen on occasion at a trial and those matters were brought to the jury's attention. As respondent points out, though, on the essential facts the police officers testified in conformity concerning the nature of the high speed chase and the discovery of the firearm and marijuana. Furthermore, issues relating to the credibility of witnesses is a matter left to the jury. Based on the evidence here, a reasonable juror certainly could have found Goncalves guilty of all charges beyond a reasonable doubt. The Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) established long ago that no constitutional violation occurs if a rational trier of fact could have found proof beyond a reasonable doubt. Courts dealing with this issue since *Jackson* have emphasized the difficult burden placed on a defendant making such a claim.

Certainly, there is no constitutional infirmity in this case. Based on my review of the pleadings and the record, I find no constitutional basis to disturb Goncalves conviction and, therefore, the petition must be dismissed.

## CONCLUSION

The petition of Joseph Santo's Goncalves, Jr. for habeas corpus relief, pursuant to 28 U.S.C. § 2254 is denied and the petition is dismissed.

I decline to issue a certificate of appealability because Goncalves has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      February 5, 2008.